# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

299 East Broward Boulevard #108 Fort Lauderdale, FL 33301 – 954-769-5400

| | |
|---|---|
| Vito Antonio Laera, | )  Civil Action No._____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Blanco GmbH + Co. KG, | ) |
| G-TECH-I Inc. and | ) |
| Vilanco Industries LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____/ | ) |

I hereby demand trial by jury pursuant to Fed. R. Civ. P. 38.

## I.    COMPLAINT

Plaintiff, Vito Antonio Laera, Pro Se, (hereinafter "Plaintiff" and/or "Laera"), sues defendants;

1. Blanco GmbH + Co. KG

2. G-TECH-I Inc.

3. Vilanco Industries LLC

, and states:

## II.    PREVIOUS LAWSUITS

CASE NO. 12-CV-61580-ROSENBAUM/SELTZER

13-cv-61423-SCOLA

### III.  JURISDICTION AND VENUE

1.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorneys' fees, and/or;

2.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (a), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between... citizens of different States...." , and/or;

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 139l (a)(2), which provides that in a federal suit founded upon diversity of citizenship, venue is proper in a district in which "a substantial part of the events or omissions giving rise to the claim occurred,"  because "a substantial part of the events or omissions giving rise to this claim occurred" in this District, and/or;

4.      Venue is also proper in this District pursuant to 28 U.S.C. §§ 1391(a)(l) and    1391(c), which provide that in a federal suit founded upon diversity of citizenship, venue is proper in "a judicial district where any Defendants resides" and that "a Defendants that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced,"  because the Defendants is a corporation that is subject to personal jurisdiction in the Southern District of Florida, and/or;

5.      Venue is proper in this Court, and the Court has jurisdiction over the entire subject matter of this action, including, but not limited to, (i) jurisdiction

over the parties for purposes of the settlement of this action and the enforcement of this Judgment and the Stipulation.

## IV.   IDENTIFICATION OF PARTIES

### Plaintiff:

Vito Antonio Laera ("Laera") is a US individual, residing at 5960 SW 32 Terrace Fort Lauderdale, FL 33312 USA.

### Defendants:

#### Defendant III

On information and belief, **Vilanco Industries LLC** ("Vilanco") is an entity resident and organized and existing under the laws of Florida, having its principal place of business at 4303 West Atlantic Boulevard Coconut Creek, FL 33066 USA.

#### Defendant II

On information and belief, **G-TECH-I INC.** ("G-TECH-I") is an entity resident and organized and existing under the laws of Florida, having its principal place of business at 5960 SW 32 Terrace Fort Lauderdale, FL 33312 USA.

#### Defendant I

On information and belief, **Blanco GmbH + Co. KG** ("Blanco") is an entity resident and organized and existing under the laws of Germany, having its principal place of business at Flehinger Str. 59, 75038 Oberderdingen, Federal Republic of Germany. On information and belief, the following identifications are true and

accurate and/or;

a. See Exhibit "Blanco GmbH + Co. KG subsidiaries, subgroups, affiliates, officers, servants, agents, employees, attorneys and representatives, and/or anyone acting in active concert or participation with them".

## V.    GENERAL STATEMENT OF EVENTS

1. On January 8th, 2013 the Plaintiff and the Defendants, hereon referred to as the "parties" agreed on a Stipulation of Settlement, hereon referred to as "The Contract" and/or "Contract", see Exhibit "Statement of Claim";

2. On January 8th, 2013 the parties agreed on a Final Judgment upon Consent, hereon referred to as "The Court Order" and/or "Court Order", based on the agreed upon Contract.

3. On January 17, 2013 Blanco breached and/or violated the following clause/provision, see email from Jeanne Hamburg dated January 17, 2013 (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. 16, page 10

      a. Blanco modified and/or amended the terms of the Contract WITHOUT written approval by all the parties hereto.

4. On January 17, 2013, see letter by Dangler reference VIANCO, Blanco breached and/or violated the following clauses/provisions

13-cv-61423-SCOLA

(details/evidence of violations are attached as Exhibit "Statement of Claim");

1.  **1a, page 2**

    a.   Blanco breached and/or violated this clause/provision by protesting VIANCO.

    b.   Let it be made of record that Dangler uses the term "Vilanco" without any protest whatsoever.

    c.   Let it be made of record that Laera did not ask permission to use Vianco and was merely making Blanco aware of my actions, a courtesy email, which is why I applied to register Vianco the next day.

2.  **1c, page 3**

    a.   I believe that I can register any domain names which consists of or incorporates any slogan, name or mark confusingly similar to "VILANCO" and "VALCO" without any restrictions whatsoever. Blanco breached and/or violated this clause/provision by protesting vianco.com.

3.  **7, page 7**

    a.   Blanco breached and/or violated this clause/provision by protesting my use of blanco, which I can use freely.

4.  **16, page 10**

13-cv-61423-SCOLA

      a. The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

      b. Blanco modified and/or amended the terms of the Contract WITHOUT written approval by all the parties hereto.

5. On January 18, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 5, page 6**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

      b. Blanco did not redirect the domain "vlanco.de".

    **2. 5, page 6**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

      b. Blanco did not redirect the domain "vlanco.eu".

6. On January 21, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 5, page 6**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

   b. Blanco did not redirect the domain

      "blancoamerica.net".

2.  5, page 6

   a. "BLANCO shall redirect these domain names to an IP

      address provided in writing by Laera..."

   b. Blanco did not redirect the domain

      "blancoamerica.org".

3.  5, page 6

   a. "BLANCO shall redirect these domain names to an IP

      address provided in writing by Laera..."

   b. Blanco did not redirect the domain

      "blancogranit.com".

4.  5, page 6

   a. "BLANCO shall redirect these domain names to an IP

      address provided in writing by Laera..."

   b. Blanco did not redirect the domain

      "blancogranito.com".

5.  5, page 6

   a. "BLANCO shall redirect these domain names to an IP

      address provided in writing by Laera..."

   b. Blanco did not redirect the domain

      "fregaderoblanco.com".

6.  5, page 6

13-cv-61423-SCOLA

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

b. Blanco did not redirect the domain "lineabianco.com".

7. 5, page 6

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

b. Blanco did not redirect the domain "lineablan.com".

8. 5, page 6

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

b. Blanco did not redirect the domain "lineablanc.com".

9. 5, page 6

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

b. Blanco did not redirect the domain "lineablanco.com".

10. 5, page 6

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

b. Blanco did not redirect the domain "lineabranco.com".

11. 5, page 6

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

b. Blanco did not redirect the domain "lineavlanco.com".

### 12. 5, page 6

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b.  Blanco did not redirect the domain "vlanco.com".

### 13. 5, page 6

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b.  Blanco did not redirect the domain "vlancoamerica.com".

### 14. 5, page 6

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b.  Blanco did not redirect the domain "vlancofaucets.com".

### 15. 5, page 6

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b.  Blanco did not redirect the domain "vlancosinks.com".

7. On January 22, 2013 Blanco breached and/or violated the following clause/provision (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  16, page 10

    a.  The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

    b.  See email dated January 22, 2013 by Ms. Hamburg, "BLANCO", with subject Canadian Domain Names of Vito Laera.

    c.  Blanco modified and/or amended the terms of the Contract WITHOUT written approval by all the parties hereto.

8.  On January 22, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1.  5, page 6**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

        b.  Blanco did not redirect the domain "lineablanco.ca".

    **2.  5, page 6**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

        b.  Blanco did not redirect the domain "vlanco.ca".

9.  On January 22, 2013, see letter by Dangler reference ViLANCO, Blanco breached and/or violated the following clauses/provisions

    a. The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

    b. See email dated January 22, 2013 by Ms. Hamburg, "BLANCO", with subject Canadian Domain Names of Vito Laera.

    c. Blanco modified and/or amended the terms of the Contract WITHOUT written approval by all the parties hereto.

8. On January 22, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 5, page 6**

        a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

        b. Blanco did not redirect the domain "lineablanco.ca".

    **2. 5, page 6**

        a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

        b. Blanco did not redirect the domain "vlanco.ca".

9. On January 22, 2013, see letter by Dangler reference ViLANCO, Blanco breached and/or violated the following clauses/provisions

(details/evidence of violations are attached as Exhibit "Statement of Claim");

1.  **1a, page 2**

    a.  I believe that I can apply to register and/or register with any trademark office in the world "VILANCO" and "VALCO" and/or any other slogan, name or mark confusingly similar to them without any restrictions whatsoever, and, that Vilanco and/or Vlanco and/or Vianco are almost identical and/or confusingly similar.

    b.  Blanco breached and/or violated this clause/provision by protesting ViLANCO.

2.  **4, page 6**

    a.  I believe that I can make any future application for registration of the marks on page 3 clause/provision 2 for any and all (international) classes whatsoever for the exception of (international) class 6, 20, 7, 11, 21, 35 and 37, that Blanco has superior rights in.

    b.  Blanco breached and/or violated this clause/provision by protesting VLANCO.

3.  **6, page 7**

    a.  "BLANCO shall consent to Defendants' use and registration of the term VILANCO, VALCO..".

b. Blanco breached and/or violated this clause/provision by protesting ViLANCO.

4. 6, page 7

   a. I believe that I can conduct business as usual using my mark VLANCO marks/domains in any way shape or form, for a period of 9 months from the date of execution of this Stipulation without any restrictions whatsoever.

   b. Blanco breached and/or violated this clause/provision by protesting the use of Vlanco.

5. **16, page 10**

   a. The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

   b. Blanco modified and/or amended (and/or is attempting to modify and/or amend) the terms of the Contract WITHOUT written approval by all the parties hereto.

10. On January 25, 2013, see letter by Dangler reference ViLANCO, Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. **1a, page 2**

a. I believe that I can apply to register and/or register with any trademark office in the world "VILANCO" and "VALCO" and/or any other slogan, name or mark confusingly similar to them without any restrictions whatsoever, and, that Vilanco and/or Vlanco and/or Vianco are almost identical and/or confusingly similar. , and, I believe that Vilanco and Vlanco are confusingly similar when spoken, and, I believe that the V in Vilanco is pronounced "Vi" or "Vee", and, I believe that the i in Vilanco is silent, and created to accentuate the "V.

b. Blanco breached and/or violated this clause/provision by protesting ViLANCO, again.

2. **4, page 6**

a. I believe that I can make any future application for registration of the marks on page 3 clause/provision 2 for any and all (international) classes whatsoever for the exception of (international) class 6, 20, 7, 11, 21, 35 and 37, that Blanco has superior rights in.

b. Blanco breached and/or violated this clause/provision by protesting VLANCO, again.

3. **4, page 6**

      a.  I believe that I can make any future application for registration of the marks on page 3 clause/provision 2 for any and all (international) classes whatsoever for the exception of (international) class 6, 20, 7, 11, 21, 35 and 37, that Blanco has superior rights in.

      b.  Blanco breached and/or violated this clause/provision by protesting BLANCO.

4.  **6, page 7**

      a.  "BLANCO shall consent to Defendants' use and registration of the term VILANCO, VALCO...".

      b.  Blanco breached and/or violated this clause/provision by protesting ViLANCO.

5.  **16, page 10**

      a.  The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

      b.  Blanco modified and/or amended (and/or is attempting to modify and/or amend) the terms of the Contract WITHOUT written approval by all the parties hereto.

11. On January 25, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1. 5, page 6

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b. Blanco did not redirect the domain "vlanco.us".

2. 5, page 6

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b. Blanco did not redirect the domain "lineablanco.us".

12. On January 28, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1. 5, page 6

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b. Blanco did not redirect the domain "valanco.it".

2. 5, page 6

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b. Blanco did not redirect the domain "valanco.us".

13. Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1. 5, page 6

13-cv-61423-SCOLA

   a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

   b. Blanco appreciated, accepted and retained the domain "bianco.com.pr" appreciated, accepted and retained.

2. **5, page 6**

   a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

   b. Blanco appreciated, accepted and retained the domain "blanco.com.pr" appreciated, accepted and retained.

3. **5, page 6**

   a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

   b. Blanco appreciated, accepted and retained the domain "lineablanco.com.pr" and did not redirect it.

14. On February 13, 2013, see letter by Dangler reference admission of and violation of the stipulation, Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. **5, page 6**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

      b. Blanco appreciated, accepted and retained 28 domains and did not redirect them.

      c. Please note Blanco has been advised that irreparable damage have been suffered.

2. **6, page 7**

      a. "BLANCO shall consent to Defendants' use and registration of the term VILANCO, VALCO...".

      b. Blanco breached and/or violated this clause/provision by violating the provisions of the Contract.

3. **16, page 10**

      a. The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

      b. Blanco modified and/or amended (and or attempted to) the terms of the Contract WITHOUT written approval by all the parties hereto.

15. On February 15, 2013, see letter by Dangler reference admission of and violation of the stipulation, Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1. **5, page 6**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

13-cv-61423-SCOLA

b. Blanco appreciated, accepted and retained 28 domains and did not redirect them.

2. 6, page 7

a. "BLANCO shall consent to Defendants' use and registration of the term VILANCO, VALCO...".

b. Blanco breached and/or violated this clause/provision by violating the provisions of the Contract.

3. 16, page 10

a. The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

b. Blanco modified and/or amended (and/or is attempting to modify and/or amend) the terms of the Contract WITHOUT written approval by all the parties hereto.

16. On February 25, 2013, see letter by Dangler reference admission of  and violation of the stipulation, Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1. 5, page 6

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera..."

    b. Blanco appreciated, accepted and retained 28

       domains and did not redirect them.

**2. 5, page 6**

    a. "BLANCO shall redirect these domain names to an IP

       address provided in writing by Laera..."

    b. Blanco has modified the Contract. I believe it was a

       malicious and intentional breach/violation of this

       clause/provision.

**3. 6, page 7**

    a. "BLANCO shall consent to Defendants' use and

       registration of the term VILANCO, VALCO..".

    b. Blanco breached and/or violated this clause/provision

       by violating the provisions of the Contract.

**4. 6, page 7**

    a. I believe that I can conduct business as usual using

       the mark VLANCO in any way shape or form, for a

       period of 9 months from the date of execution of this

       Stipulation without any restrictions whatsoever.

    b. Blanco breached and/or violated this clause/provision

       by protesting the use of Vlanco.

**5. 16, page 10**

    a.  The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

    b.  Blanco modified and/or amended (and/or is attempting to modify and/or amend) the terms of the Contract WITHOUT written approval by all the parties hereto.

17. On March 25th, 2013 the parties agreed on an Addendum to Stipulation of Settlement, collectively "The Contract" and/or "Contract".

18. On March 25th, 2013 the parties agreed on an Amended Final Judgment upon Consent based on the agreed upon Contract

19. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  3, page 2

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "bianco.com.pr".

20. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  3, page 2

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b. Blanco did not redirect the domain "blanco.com.pr".

21. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 3, page 2**

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b. Blanco did not redirect the domain "blancoamerica.net".

22. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 3, page 2**

    a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b. Blanco did not redirect the domain "blancoamerica.org".

23. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 3, page 2**

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

b. Blanco did not redirect the domain "blancogranit.com".

24. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. **3, page 2**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

      b. Blanco did not redirect the domain "blancogranito.com".

25. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. **3, page 2**

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

      b. Blanco did not redirect the domain "fregaderoblanco.com".

26. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

13-cv-61423-SCOLA

1.  3, page 2

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b.  Blanco did not redirect the domain "lineabianco.com".

27. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1.  3, page 2

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b.  Blanco did not redirect the domain "lineablan.com".

28. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1.  3, page 2

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b.  Blanco did not redirect the domain "lineablanc.com".

29. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

1.  3, page 2

    a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

    b.  Blanco did not redirect the domain "lineablanco.ca".

30. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  **3, page 2**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "lineablanco.com".

31. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  **3, page 2**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "lineablanco.com.pr".

32. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  **3, page 2**

a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

b. Blanco did not redirect the domain "lineablanco.us".

33. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. 3, page 2

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

      b. Blanco did not redirect the domain "lineabranco.com".

34. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. 3, page 2

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

      b. Blanco did not redirect the domain "lineavlanco.ca".

35. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

   1. 3, page 2

      a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

b. Blanco did not redirect the domain "lineavlanco.com".

36. On April 1, 2013 Blanco breached and/or violated the following

clauses/provisions (details/evidence of violations are attached as Exhibit

"Statement of Claim");

    **1. 3, page 2**

        a. "BLANCO shall redirect these domain names to an IP

           address provided in writing by Laera...within 5 days"

        b. Blanco did not redirect the domain "valanco.it".

37. On April 1, 2013 Blanco breached and/or violated the following

clauses/provisions (details/evidence of violations are attached as Exhibit

"Statement of Claim");

    **1. 3, page 2**

        a. "BLANCO shall redirect these domain names to an IP

           address provided in writing by Laera...within 5 days"

        b. Blanco did not redirect the domain "valanco.us".

38. On April 1, 2013 Blanco breached and/or violated the following

clauses/provisions (details/evidence of violations are attached as Exhibit

"Statement of Claim");

    **1. 3, page 2**

        a. "BLANCO shall redirect these domain names to an IP

           address provided in writing by Laera...within 5 days"

        b. Blanco did not redirect the domain "vlanco.ca".

39. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1.  3, page 2**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "vlanco.com".

40. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1.  3, page 2**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "vlanco.de".

41. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1.  3, page 2**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "vlanco.eu".

42. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 3, page 2**

        a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b. Blanco did not redirect the domain "vlanco.us".

43. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 3, page 2**

        a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b. Blanco did not redirect the domain "vlancoamerica.com".

44. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    **1. 3, page 2**

        a. "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b. Blanco did not redirect the domain "vlancofaucets.com".

13-cv-61423-SCOLA

45. On April 1, 2013 Blanco breached and/or violated the following clauses/provisions (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  **3, page 2**

        a.  "BLANCO shall redirect these domain names to an IP address provided in writing by Laera...within 5 days"

        b.  Blanco did not redirect the domain "vlancosinks.com".

46. On April 4, 2013 Blanco breached and/or violated the following clause/provision (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1.  **16, page 10**

        a.  The Contract "cannot be modified, amended or terminated except by a written approval by all of the parties hereto".

        b.  See email dated April 4, 2013 by Blanco, "BLANCO", with subject RE: Vito Laera.

        c.  Blanco attempted to modify and/or amended the terms of the Contract WITHOUT written approval by all the parties hereto.

        d.  I believe Franka Kuschmirek has access to Blanco's registrar and violated the agreement with malice and intent.

13-cv-61423-SCOLA

    e. I believe Blanco never intended to redirect the domains and basically did a "bait and switch".

47. On April 9, 2013 Blanco breached and/or violated the following clause/provision (details/evidence of violations are attached as Exhibit "Statement of Claim");

    1. Sell-Off period and Extended Sell-Off period.

        a. I believe that I can conduct business as usual using my mark/domains VLANCO in any way shape or form, for a period of 14 months from the date of Addendum to Stipulation of Agreement without any restrictions whatsoever.

        b. See email dated April 9, 2013 by Blanco, "BLANCO", with subject RE: Vito Laera.

        c. Blanco breached and/or violated this clause/provision by protesting selling Vlanco as agreed.

48. Defendants wrong doings continue to date.

## VI.    CAUSE OF ACTION ONE - BREACH OF CONTRACT

    1.       Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through V above as if fully set forth herein verbatim.

    2.       On information and belief, Blanco breached and/or violated the Contract causing damages to Laera.

13-cv-61423-SCOLA

3.      On information and belief, Blanco breached and/or violated the agreement and accordingly owe Laera liquidated damages.

4.      I believe that Blanco's violations were done with malice and intent.

5.      All parties agreed to the Contract and all modifications.

6.      The Contract and modifications are binding obligations because they are between:

        a. competent parties;

        b. with a legal subject matter;

        c. consideration has been paid;

        d. there was mutuality of agreement; and

        e. mutuality of obligation.

7.      Blanco has breached the Contract unjustifiably failed to perform its obligations.

9.      Damages have been suffered by Laera as a direct and proximate result of the violations and/or breaches by the Defendants and continued violations and/or breaches.

## VII.   CAUSE OF ACTION TWO – UNJUST ENRICHMENT

1.      Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through VI above as if fully set forth herein verbatim.

2.      Laera transferred ownership of certain domains, hereon

referred to as "properties" to Blanco and by doing so conferred a benefit to Defendants.

3.    Laera relinquished ownership and trademark rights of certain USPTO and International trademarks and registrations, hereon also referred to as "properties" to/for Blanco and by doing so conferred a benefit to Defendants.

3.    Laera suffered/incurred a loss by transferring/relinquishing these properties.

4.    Blanco appreciated, accepted and retained such properties and failed to perform its obligations required in the Contract.

5.    Under the circumstances, it would be inequitable for Blanco to retain such benefit without paying, by way of performing its obligations in the agreement, or otherwise, the value thereof.

## VIII.   CAUSE OF ACTION THREE - Florida Deceptive and Unfair Trade Practices Act (FDUTPA)

62.    Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through VII above as if fully set forth herein verbatim.

126.    Blanco' misconduct is believed to be, was and is, willful and constitutes an unfair method of competition, an unconscionable act or practice, and/or an unfair or deceptive act or practice in violation of § 501.204, Fla. Stat.

## IX.    CAUSE OF ACTION FOUR - FRAUD

1.      Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through VIII above as if fully set forth herein verbatim.

2.      The Contract between the parties was based on the ownership of "superior rights", that is, Federally Registered Trademarks rights of the mark "Blanco", including but not limited the color blue, in International Classes 11, 19, 21, 35, 37 and 40.

3.      To date no proof has been provided to Laera of Blanco's ownership of the above (2).

4.      It has come to Laera's attention and belief that Blanco does not have superior rights and/or exclusive rights and /or a USPTO Federal Registration for "Blanco" in any class, including but not limited to the following classes; 11 (including, without limitation, sinks and faucets), 19 (including, without limitation, silica stone), 21 (including, without limitation, kitchen utensils), 35 (retail store services), 37 (plumbing) and 40 (including, without limitation, material treatments) and or any other products or services, see Exhibit "Blanco Products".

5.      Laera entered into an agreement with Defendants based on Blanco's claims of ownership and/or claims of certain legal rights in the mark Blanco, the color blue and other asserted rights, made by Blanco.

6.      On information and belief, Blanco's claims of ownership in the mark Blanco and/or any exclusive rights in the mark Blanco are fraudulent, and

possibly illegal.

7.      On information and belief, Blanco baited and switched Laera.

8.      On information and belief, Blanco deceived Laera.

## X.    CAUSE OF ACTION FIVE – ILLEGAL AND FRAUDULENT USE OF THE FEDERAL REGISTRATION SYMBOL

1.      Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through IX above as if fully set forth herein verbatim.

2.      On information and belief, Blanco is using a Federal Registration Symbol on a mark (USPTO definition) that is not Federally Registered or Protected.

3.      On information and belief, Defendants are using the Federal Registration Symbol "R" on the mark Blanco, see Exhibit "Blanco Products".

4.      On information and belief, Blanco is not a Federally Registered mark.

3.      On information and belief, it is illegal to use a Federal Registration Symbol on a mark that is not USPTO Federally Registered.

## XI.    CAUSE OF ACTION SIX – VIOLATION OF CIVIL RIGHTS

1.      Laera realleges and incorporates by reference all of the

13-cv-61423-SCOLA

allegations contained in paragraphs I through X above as if fully set forth herein verbatim.

2.      On information and belief, the public is free to use Blanco to describe a product, their products, and/or anything else without having to obtain consent or permission from anyone.

3.      On information and belief, Blanco is widely used by the public and in industry as a descriptive term, common term and/or generic term.

4.      On information and belief, 1,000's of entities exist that are named Blanco and/or a confusingly similar term to Blanco.

5.      On information and belief, Defendants violated Laera's civil rights, freedom of speech and/or expression.

5.      Laera is a member of the public and is free to use Blanco in any way shape or form allowed by law and the constitution of the United States of America.

6.      On information and belief, it is illegal to violate ones civil rights and freedom of speech/expression.


## XII.    CAUSE OF ACTION SIX - HARRASMENT

1.      Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through X1 above as if fully set forth herein verbatim.

2. Defendants acts against and/or towards Laera are disturbing and/or disruptive and are believed to be intentional.

3. Defendants acts and/or actions against and/or towards Laera are unwanted and/or annoying actions.

4. Defendants acts and/or actions and/or threats and/or demands have made Laera fearful and/or anxious.

## XIII. CAUSE OF ACTION SEVEN - DAMAGES

1. Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through XI above as if fully set forth herein verbatim.

2. Laera has suffered damages caused by Defendants violations of the Contract/Court Order.

## XIV. CAUSE OF ACTION EIGHT – COMTEMPT OF COURT

1. Laera realleges and incorporates by reference all of the allegations contained in paragraphs I through XIII above as if fully set forth herein verbatim.

2. Blanco's actions and wrong doings are a violation of the Court Order.

## XV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment and for relief against Defendants as follows:

1.      Declare that the public can use Blanco, in any language and/or in any way shape or form to describe their products without restrictions or in need of permission or consent.

2.      Declare that the public is free to use Blanco to describe their products, and/or anything else, in any way shape or form freely without having to obtain consent or permission from anyone.

3.      Declare that term Blanco, including but not limited to confusingly similar terms, is widely used by the public and in industry as a descriptive term, common term and/or generic term.

4.      Permanently enjoining and restraining Defendants, and anyone in active concert or participation therewith, from opposing, petitioning to cancel, or otherwise taking action against any U.S. trademark applications and registrations for Blanco and/or any mark including the term Blanco and/or confusingly similar to, now pending or which may be filed in the future;

5.      Directing Defendants, pursuant to 15 U.S.C. § 1116(a),  to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which it has complied with the injunction;

6.      Declaring that Defendants have no exclusive rights in the mark

13-cv-61423-SCOLA

Blanco, in particular with respect to classes 11, 19, 21, 35, 37;

7.      Directing the Registrar(s) of the Domains transferred by Laera to Blanco to transfer the ownership back to Laera;

8.      Awarding Plaintiff its actual damages attributable to Defendants wrong doings;

9.      Awarding Plaintiff its actual damages attributable to Defendants' violation of FDUTPA;

10.     Granting Plaintiff compensatory and punitive damages for Defendants' willful and malicious actions;

11.     Pursuant to § 501.211, Fla. Stat., finding Defendants be deemed liable for and be ordered to pay Plaintiff, in addition to any aforesaid damages, Plaintiff's costs and attorneys' fees; and

12.     Granting Plaintiff such other and further relief as the Court deems just and equitable;

13.     That this court enter Judgment against Defendants awarding permanent injunctive relief against further violations;

14.     That this court enter Judgment against Defendants for the total amount of liquidated damages agreed to in the Contract and Modifications;

15.     That this court enter Judgment against Defendants for damages and for continuing violations of the Contract,

16.     That this court enter judgment for actual damages, attorney's fees and costs for an amount to be determined at trial, and

17.     That this court award Plaintiffs such other and further relief as

13-cv-61423-SCOLA

the Court may deem just and proper based on the proof at trial.

Wherefore, Laera demands judgment against Defendants for damages, costs and for such other relief that the Court deems just and proper.

Errors and Omissions expected.

Signed June 27, 2013

Vito Antonio Laera, *Pro Se*
5960 SW 32 Terrace
Fort Lauderdale, FL 33312
*vito@vlanco.com*
Tel 954-592-9476

Mailing address is as follows;
419 York Southern Road
Fort Mill, SC 29715